## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **HERVEY NUNEZ AND CLAUDIA NUNEZ, BOTH INDIVIDUALLY AND AS NEXT FRIENDS OF B.N.** | § § § § | |
| **Plaintiffs** | § § | **CIVIL ACTION NO. 1:18-cv-00179** |
| **v.** | § § | |
| **LOAD STAR LOGISTICS, LLC AND VITALIE LUKIANOV** | § § § § | |
| **Defendants** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, HERVEY NUNEZ AND CLAUDIA NUNEZ, INDIVIDUALLY AND AS NEXT FRIENDS OF B.N., hereinafter referred to as "Plaintiffs", in the above entitled and numbered cause, complaining of LOAD STAR LOGISTICS, LLC (hereinafter referred to as "Defenant LOAD STAR") and VITALIE LUKIANOV (hereinafter referred to as "Defendant LUKIANOV") and for cause of action would respectfully show the Court as follows:

### A.
### Parties and Service of Citation

1.      Plaintiffs, HERVEY NUNEZ AND CLAUDIA NUNEZ, INDIVIDUALLY AND AS NEXT FRIENDS OF B.N., are residents/citizens of Bexar County, Texas.

2.      Defendant LOAD STAR is a Virginia corporation formed and existing under the laws of the State of Virginia, and may be served via its registered agent, Margarita Stepanova, 3436 Charleston Boulevard, Harrisonburg, Virginia 22801.

3.      Defendant LUKIANOV is an individual employed by Defendant LOAD STAR and may be served with citation by serving him at 75 Thrasher Road, Covington, Georgia 30016, or wherever he may be found.

**B.**
**Misnomer/Alter-Ego**

4.      In the event any parties are misnamed or not included herein, it is Plaintiffs' contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

**C.**
**Venue**

5.      Venue is proper in this District under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

**D.**
**Jurisdiction and Capacity**

6.      **In Personam:**  The Court has *in personam* jurisdiction over the Defendants because the Defendants are in the business of over the road trucking and the case involves a collision occurring in Texas.

7.      **Subject Matter:**  The Court has subject matter jurisdiction over the case at bar pursuant to 28 U.S.C. §1332 (a)(1) because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

8.    **Capacity:**  Whenever in this petition it is alleged that any Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives did such act or thing.

## E.
## Factual Allegations

9.    On August 5, 2017, Defendant LUKIANOV was operating a tractor-trailer on the frontage road at or near the 2200 block of Interstate Highway 35 South in Hays County, Texas.

10.    Defendant LUKIANOV was the in left lane of the frontage road with the intention of turning right into a private drive.

11.    Plaintiffs were traveling in the right lane of the frontage road.

12.    Defendant LUKIANOV began to cross the right lane as Plaintiffs were in the right lane. Plaintiff HERVEY NUNEZ, who was driving Plaintiffs' vehicle, attempted to avoid the impending collision with Defendant LUKIANOV by directing Plaintiffs' vehicle to the right.

13.    Defendant LUKIANOV then hit Plaintiffs' vehicle.

14.    Plaintiff HERVEY NUNEZ was operating his vehicle at a safe and reasonable speed given the traffic conditions then present, and was, in all other respects, operating his vehicle prudently and safely.

15.    As a proximate result of the aforementioned collision, Plaintiffs were caused to suffer serious injuries and damages as hereinafter described.

16.    At the same time, Defendant LUKIANOV was operating a tractor truck owned or leased by Defendant LOAD STAR and was towing a trailer owned or leased by Defendant LOAD STAR.

3

17.    At the time, Defendant LUKIANOV was operating the tractor-trailer under the employ of Defendant LOAD STAR.

## F.
## Conditions Precedent

18.    Plaintiffs assert that all conditions precedent to the bringing of this cause of action have been performed or have occurred prior to the filing of the cause of action at bar.  Alternatively, to the extent any conditions have not been met, failure to meet said conditions, if any, has not prejudiced the Defendants.

## G.
## Negligence

19.    Plaintiffs incorporate the facts alleged above.

20.    Plaintiffs sue Defendants for negligence.  Each Defendant was negligent in one or more acts or omissions, including those described below and elsewhere herein, each of which was a proximate cause of the occurrence in question and the injuries and damages alleged herein:

**Defendant LUKIANOV:**

      a.    Stopping in or blocking a traffic lane.

      b.    Maneuvering the tractor-trailer in a manner especially unsafe.

      c.    Driving the tractor-trailer in an area where it was unsafe or illegal to do so.

      d.    Failure to account for known traffic conditions on the frontage road of Interstate Highway 35 South when turning the tractor-trailer.

      e.    Failure to take necessary actions to ensure that turning the tractor-trailer would be done safely.

      f.    Failure to turn the tractor-trailer in a manner that would not have posed a danger to other motorists like Plaintiffs.

g.    Operating the tractor-trailer in an unreasonable and unsafe manner, and thereby endangering other motorists.

h.    Failure to keep a proper lookout.

i.    Failure to have or maintain available warning devices and lights on the entire vehicle to warn Plaintiffs of the trailer.

j.    Failure to yield the right of way to Plaintiffs.

k.    Failure to operate the tractor-trailer in a safe and prudent manner, such as a commercial vehicle driver using ordinary care would have done under the same or similar circumstances.

l.    Failure to adhere to and follow the Texas and Federal Motor Carrier Safety Regulations, the Texas Commercial Motor Vehicle Driver's Handbook and the Texas Transportation Code.

m.    Such other and further acts of negligence as may be shown at trial.

**Defendant LOAD STAR:**

a.    Failure to provide the necessary training to Defendant LUKIANOV regarding the proper and safe operation and maintenance of the tractor-trailer rig under the circumstances at issue.

b.    Failure to adequately train Defendant LUKIANOV regarding all aspects of driver safety.

c.    Failure to train Defendant LUKIANOV regarding safe and proper operation of a tractor-trailer such as a person or company using ordinary care would have done in the same or similar circumstances.

d.    Failure to comply with their own policies, procedures, and standards.

e.    Failure to supervise or monitor Defendant LUKIANOV to make sure that he complied with policies and procedures.

f.    Failure to implement policies and procedures for Defendant LUKIANOV regarding proper and safe truck operation and maintenance.

g.    Failure to implement and adopt proper policies and procedures.

h.    Failure to require Defendant LUKIANOV to comply with the Texas and Federal Motor Carrier Safety Regulations, the Texas Commercial Motor Vehicle Driver's

5

Handbook, and the Texas Transportation Code.

      i.     Providing a commercial tractor-trailer to Defendant LUKIANOV who was not trained properly, or who did not have the proper education, background, training, experience, or driving history to safely operate the tractor-trailer, or who was an incompetent or reckless driver.

      j.     Such other and further acts of negligence as may be shown at trial.

## H.
### *Respondeat Superior*/Vicarious Liability, and
### Course and Scope of Employment

21.    Plaintiffs incorporate the facts and allegations above.

22.    Whenever it is alleged that a Defendant did an act or thing, or omitted to do an act or thing, it is meant that the Defendant committed such act or omission either directly or by and through the Defendant's agents, servants, employees, managers, administrators, officers, or representatives

23.    Whenever it is alleged that an agent, servant employee, manager, administrator, officer, or representative of a principal did an act or thing, or omitted to do an act or thing, it is meant that such conduct was performed in the course and scope of the applicable agency, employment, or representation of the principal.

24.    At all relevant times, Defendant LUKIANOV was an agent or employee of Defendant LOAD STAR.  At all relevant times, Defendant LUKIANOV acted within the course and scope of his employment or agency.  At all relevant times, Defendant LOAD STAR approved of, participated in, encouraged, caused, ignored, fostered, or ratified the acts or omissions at issue.

6

25.     Defendant LUKIANOV, an employee Defendant LOAD STAR, was negligent while acting within the course and scope of his employment for Defendant LOAD STAR.  Defendant LUKIANOV's actions were the proximate cause of the accident made the basis of this suit.

26.     Further, such negligence was the proximate cause of the injuries suffered by Plaintiffs and the damages caused to Plaintiffs, which are hereinafter described with more particularity. Under the doctrine of *respondeat superior*, Defendant LOAD STAR is vicariously liable for the actions of Defendant LUKIANOV.

## I.
## Damages

27.     Plaintiffs incorporates the facts alleged above.

28.     Plaintiffs allege that as a direct and proximate result of the conduct, and/or negligent acts and/or omissions of Defendants, Plaintiffs are entitled to recover at least the following legal damages:

    a.  Reasonable and necessary health care expenses incurred in the past;

    b.  Reasonable and necessary health care expenses, which, in all reasonable probability, will be incurred in the future;

    c.  Physical pain and suffering in the past;

    d.  Physical pain and suffering, which, in all reasonable probability, will be endured in the future;

    e.  Mental anguish suffered in the past;

    f.  Mental anguish, which, in all reasonable probability, will be suffered in the future;

    g.  Loss of earning capacity in the past;

    h.  Loss of earning capacity in the future;

    i.   Physical impairment suffered in the past;

    j.   Physical impairment, which, in all reasonable probability, will be suffered in the future;

    k.   Physical disfigurement suffered in the past; and

    l.   Physical disfigurement, which, in all reasonable probability, will be suffered in the future.

Accordingly, Plaintiffs sue for damages within the jurisdictional limits of the Court.

## J.
## Costs And Interest

29.    It was necessary for Plaintiffs to expend monies as the costs of court requisite to prosecute this cause of action.  Therefore, Plaintiffs seeks an award of costs and prejudgment and post-judgment interest.

## K.
## Jury Demand

30.    Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## **PRAYER**

31.    WHEREFORE, Plaintiffs pray that the Defendants be cited to appear and answer, and that on final trial, the Honorable Court render judgment in favor of the Plaintiffs, to wit:

    a.   Damages, actual, special, exemplary and otherwise, in an amount within the Court's jurisdictional limits;

    b.   All Costs of Court;

    c.   Both pre-judgment and post-judgment interest at the maximum legal rate; and

d.      For such other and further relief, both general and special, at law and in equity, to

which Plaintiffs may be justly entitled.


Respectfully submitted,

Law Office of Matthew S. Norris PLLC


By:_____

Matthew S. Norris
TBA No. 24076881
6243 IH-10 West, Suite 1010
San Antonio, Texas  78201
Ph.  (210) 549-7633
Fax (210) 446-4482
matt@mattthewnorrislaw.com
ATTORNEY FOR PLAINTIFFS